**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KAREN L. PIPER, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION NO**. |
| | ) | |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| CITY OF PITTSBURGH; | ) | |
| JOHN DOE NO. 1 of the PITTSBURGH | ) | |
| BUREAU of POLICE; JOHN DOE NO. 2 | ) | |
| of the PITTSBURGH BUREAU of | ) | |
| POLICE; JOHN DOE NO. 3 of the | ) | |
| PITTSBURGH BUREAU OF POLICE; | ) | |
| JOHN DOE NO. 4 of the PITTSBURGH | ) | |
| BUREAU OF POLICE; and JOHN DOE | ) | |
| NO. 5 of the PITTSBURGH BUREAU | ) | |
| OF POLICE, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

**PRELIMINARY STATEMENT**

1.  During the G-20 Summit Meeting held in Pittsburgh in September 2009, City of Pittsburgh Police used a Long Range Acoustic Device (LRAD) against civilians on or about the streets of Pittsburgh. The LRAD, a distance hailing and crowd control device, was developed in response to the terrorist attack on the USS Cole in October 2000, and was originally intended to be used by American warships to warn incoming vessels approaching without permission. Among other things, it emits harmful, pain-inducing sounds over long distances. The LRAD is a military-style weapon, and it was used for the first time in the United States when the Pittsburgh Police directed it on civilians in September 2009. Plaintiff Karen L. Piper, a visiting professor at Carnegie Mellon University, was an innocent bystander on September 24, 2009, who suffered permanent hearing loss, nausea, pain and disorientation when the LRAD was activated without

any warning.  Piper alleges in this 42 U.S.C. §1983 civil rights lawsuit that Defendant City of Pittsburgh and its officials violated her rights under the First, Fourth and Fourteenth Amendments to the U.S. Constitution and that the City of Pittsburgh used the device negligently.

**PARTIES**

2.	KAREN L. PIPER, Plaintiff herein, is a resident of Columbia, MO.

3.	CITY OF PITTSBURGH, Defendant herein, is a governmental entity organized and existing pursuant to the laws of the Commonwealth of Pennsylvania.

4.	JOHN DOE NO. 1, Defendant herein, whose name is presently unknown to Plaintiff, is believed to be a Pittsburgh Bureau of Police SWAT Officer who operated the LRAD that is the subject of this Complaint.  Plaintiff will seek leave to amend the caption of this case and this Complaint in order to insert this information and additional information upon ascertaining it.

5.	JOHN DOE NO. 2, Defendant herein, whose name is presently unknown to Plaintiff, is believed to be a Pittsburgh Bureau of Police SWAT Officer who operated the LRAD that is the subject of this Complaint.  Plaintiff will seek leave to amend the caption of this case and this Complaint in order to insert this information and additional information upon ascertaining it.

6.	JOHN DOE NO. 3, Defendant herein, whose name is presently unknown to Plaintiff, is believed to be a Pittsburgh Bureau of Police SWAT Officer who operated the LRAD motor vehicle that is the subject of this Complaint.  Plaintiff will seek leave to amend the caption of this case and this Complaint in order to insert this information and additional information upon ascertaining it.

7. JOHN DOE NO. 4, Defendant herein, whose name is presently unknown to Plaintiff, is believed to be the Supervisor overseeing John Does No. 1, No. 2 and No. 3, and who planned, directed, authorized and/or supervised the use of the LRAD at issue in this case. Plaintiff will seek leave to amend the caption of this case and this Complaint in order to insert this information and additional information upon ascertaining it.

8. JOHN DOE NO. 5, Defendant herein, whose name is presently unknown to Plaintiff, is believed to be a policy-making official of Defendant City of Pittsburgh, who designed, planned, directed, ratified, authorized, implemented and/or approved Defendant City of Pittsburgh's policy regarding the use of the LRAD and who, pursuant to that policy, authorized, directed and/or carried out the use of the LRAD on September 24, 2009.  Plaintiff will seek leave to amend the caption of this case and this Complaint in order to insert this information and additional information upon ascertaining it.

## JURISDICTION

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343(a)(3) and (4).  This Court has supplemental jurisdiction over Plaintiff's state and common law cause of action under 28 U.S.C. §1367.

10. This Court has a personal jurisdiction over Defendants, all of whom are located in the Western District of Pennsylvania.

## FACTS

11. At all times relevant to the matters set forth in this Complaint, Defendants were acting under color of law pursuant to the authority and grants of power under the United States Constitution and the Constitution of and statutes of the Commonwealth of Pennsylvania.  Further,

at all times relevant to the matters set forth in this Complaint, individual Defendants were acting within the scope of their employment by Defendant City of Pittsburgh.

12. At all times relevant to the matters set forth in this Complaint, individual Defendants were acting jointly and in conspiracy, one with the other, and each of the actions of the other caused each said individual Defendant to be the agent, servant and employee of the other.

13. At all times relevant to the matters set forth in this Complaint, Defendants John Does No. 4 and No. 5 were responsible for and/or had the authority to establish, implement, supervise, monitor or enforce policies and procedures and/or train others with regard to the operation and use of an LRAD by the Pittsburgh Bureau of Police, including the policies and procedures and/or training of others with regard to utilizing the LRAD on the streets of Pittsburgh during the G-20 Summit Meeting on September 24 and 25, 2009.

14. This action is brought by Plaintiff against the individual Defendants in their individual capacities.

15. Plaintiff is a professor in the English Department of the University of Missouri. At all times relevant to the matters set forth in this Complaint, she was visiting at Carnegie Mellon University for a one-year period, having arrived in Pittsburgh in August 2009. Plaintiff was working on a book about the International Monetary Fund and World Bank. Her field of interest included examining whether protestors have any impact on these institutions.

16. On September 24, 2009, while the G-20 Summit Meeting was being held in Pittsburgh, Plaintiff became aware that some protestors were gathering in Arsenal Park in the Lawrenceville section of Pittsburgh at or about 10:00 a.m.

17. At or about 10:00 a.m. on September 24, Plaintiff rode her bicycle to the Arsenal Park area. Consistent with her academic interest, Plaintiff's intention was to take photographs and observe the rhetoric on any signs.

18. Upon arriving in the Arsenal Park area, Plaintiff stood on the road beside a wall of police near 40th Street and Davison, from which area she observed that people were calmly and peacefully milling about in the park.

19. At or about 10:30 a.m., Plaintiff observed the police marching in formation. Plaintiff, along with numerous journalists, followed the police down Butler Street to the corner of 32nd Street and Liberty Avenue.

20. Because of the police activity she was observing, Plaintiff became concerned and attempted to leave the area.

21. As Plaintiff was attempting the leave the area and move away from the police, she walked up Penn Avenue toward 34th Street.

22. At the aforesaid time and place, Defendants John Does No. 1, No. 2 and No. 3 activated an LRAD without warning, causing a continuous piercing sound to be emitted for a number of minutes.

23. The LRAD was affixed to a motor vehicle that was about 100 feet away from her and moving along the street.

24. When the LRAD was activated, Plaintiff suffered immediate pain in her ears, and she became nauseous and dizzy. She developed a severe headache. She was forced to sit down and was unable to walk.

25. When the LRAD was activated, Plaintiff was an innocent bystander and was lawfully and properly exercising her rights and privileges to be on or about the streets and sidewalks of the City of Pittsburgh.

26. When the LRAD was activated, Plaintiff's freedom of movement was terminated, causing her to be restrained and restricted in her ability to move about. She was temporarily prevented from leaving the area.

27. When the LRAD was activated, there was no imminent threat of harm to the police or other individuals, and Defendants and/or their agents, servants and/or employees had ample and abundant time to determine how and/or when to activate the LRAD.

28. When the LRAD was activated, Defendants were aware, from warnings by the manufacturer, that the use of the LRAD was capable of causing permanent hearing damage and other injury, and said Defendants deliberately disregarded the significant risk of bodily harm.

29. At the time and place described above, Defendants and/or their agents, servants and/or employees deliberately failed to warn Plaintiff and others properly in and about the streets and sidewalks of their intended use of the LRAD and the risk of bodily harm.

30. When the LRAD was activated, Defendants and/or their agents, servants and/or employees deliberately failed to initially activate the LRAD at a low sound level that would have minimized the risk of harm.

31. When the LRAD was activated, Defendants and/or their agents, servants and/or employees deliberately caused a piercing, continuous, high-pitched sound to be emitted from the LRAD rather than short, intermittent blasts for a few seconds at a time that would have minimized the risk of bodily harm.

32. At all times relevant to the matters set forth in this Complaint, the motor vehicle and the attached LRAD which caused Plaintiff's injury was owned by Defendant City of Pittsburgh and was then and there being operated and/or under the control of Defendants John Does No. 1, No. 2, No. 3, No. 4 and No. 5, all of whom were then and there the agents, servants and/or employees of Defendant City of Pittsburgh and under its direction and control.

### FIRST COUNT

### KAREN L. PIPER, PLAINTIFF
### VS.
### JOHN DOE NO. 1, JOHN DOE NO. 2,
### JOHN DOE NO. 3 AND JOHN DOE NO. 4, DEFENDANTS

### §1983 Constitutional Claims

33. Plaintiff incorporates by reference and makes a part of this Count Paragraphs 1 through 32 of this Complaint.

34. At the time Defendants John Does No. 1, No. 2, No. 3 and No. 4 activated the LRAD as described above, they were not confronted with any immediate threat of violence or security risk or other need for a hurried judgment.

35. Defendants John Does No. 1, No. 2, No. 3 and No. 4, deliberately activated the LRAD as described above with the conscious, reckless and unreasonable intent to punish Plaintiff and others properly on the streets and sidewalks for exercising their right to be in or about the streets and sidewalks, a traditional public forum, of the City of Pittsburgh.

36. Defendants John Does No. 1, No. 2, No. 3 and No. 4 deliberately activated the LRAD as described above with the conscious, reckless and unreasonable intent to terminate and/or restrict Plaintiff's freedom of movement in and about the streets and sidewalks, a traditional public forum, of the City of Pittsburgh.

37. Defendants John Does No. 1, No. 2, No. 3 and No. 4, activated the LRAD as described above with intentional, deliberate indifference to a foreseeable risk of serious harm to Plaintiff and others properly and lawfully in and about the streets and sidewalks who were in the vicinity of the LRAD.

38.     Defendants John Does No. 1, No. 2, No. 3 and No. 4 deprived Plaintiff of the rights, privileges and immunities secured to her by 42 U.S.C. §1983 and by the First, Fourth and Fourteenth Amendments to the United States Constitution, as well as the rights, privileges and immunities secured by the Pennsylvania Constitution.  Said rights, privileges and immunities include:

(a)     The right to peaceably assemble on the streets and sidewalks of the City of Pittsburgh;

(b)     The right to be free from retaliation for exercising the right to be on the streets and sidewalks, a traditional public forum, of the City of Pittsburgh for the purpose of observing protestors;

(c)     The right to freedom of movement on the streets and sidewalks of the City of Pittsburgh;

(d)     The right to be free from a conspiracy to violate civil rights;

(e)     The right to be free from unreasonable seizures; and

(f)     The right to substantive due process of law.

39.     The conduct of Defendants John Does No. 1, No. 2, No. 3 and No. 4 violated clearly established substantive constitutional and statutory rights of Plaintiff, which rights a reasonable person would have known.

40.     As a foreseeable and direct result of the actions of Defendants John Does No. 1, No. 2, No. 3 and No. 4 as described above, Plaintiff suffered injuries including permanent nerve hearing loss; tinnitus; barotrauma; left ear pain and fluid drainage; headaches; dizziness; nausea; and physical pain and suffering.  Plaintiff suffered the violation of her Constitutional rights as described in Paragraph 38 above.

41.     Some of the aforesaid injuries may be permanent in nature and Plaintiff may be forced to submit to medical and medicinal treatment and to expend sums of money for doctors, medicines and other items in the future.

42. All of the above actions by Defendants John Does No. 1, No. 2, No. 3 and No. 4 were purposeful, malicious, arbitrary, capricious, irrational, reckless, wanton, without justification and outrageous, and they reflected a conscious and deliberate indifference to the needs and safety of Plaintiff.  Said actions shock the conscience.

WHEREFORE, by reason of Defendants John Does No. 1, No. 2, No. 3 and No. 4's unconstitutional acts, Plaintiff requests judgment against Defendants John Does No. 1, No. 2, No. 3 and No. 4 for compensatory and punitive damages, together with the costs and disbursements of this action, as well as her attorneys fees, and such other relief as appears reasonable and just, and demands a trial by jury.

### SECOND COUNT

### KAREN L. PIPER, PLAINTIFF
### VS.
### JOHN DOE NO. 5, DEFENDANT

### §1983 Constitutional Claims

43. Plaintiff incorporates by reference and makes a part of this Count Paragraphs 1 through 42 of this Complaint.

44. At all times relevant to the matters set forth in this Complaint, Defendant John Doe No. 5 had authority over Defendants John Does No. 1, No. 2, No. 3 and No. 4, was aware of the actions of said Defendants as described above, acquiesced in said actions, ratified said actions, and/or was deliberately indifferent to the planned unconstitutional conduct of said other Defendants, and failed to intervene to prevent the occurrence of the unconstitutional actions described above.

45. At all times relevant to the matters set forth in this Complaint, Defendant John Doe No. 5 was responsible for and had the authority on behalf of Defendant City of Pittsburgh to

purchase the LRAD, plan its use and/or establish, implement, supervise and monitor any policies and procedures including the training of others with regard to the operation and use of the LRAD.

46. Defendant John Doe No. 5 deprived Plaintiff of the rights, privileges and immunities secured to her by 42 U.S.C. §1983 and by the First, Fourth and Fourteenth Amendments to the United States Constitution, as well as the rights, privileges and immunities secured by the Pennsylvania Constitution. Said rights, privileges and immunities include:

  (a) The right to peaceably assemble on the streets and sidewalks of the City of Pittsburgh;

  (b) The right to be free from retaliation for exercising the right to be on the streets and sidewalks, a traditional public forum, of the City of Pittsburgh for the purpose of observing protestors;

  (c) The right to freedom of movement on the streets and sidewalks of the City of Pittsburgh;

  (d) The right to be free from a conspiracy to violate civil rights;

  (e) The right to be free from unreasonable seizures; and

  (f) The right to substantive due process of law.

47. The conduct of Defendant John Doe No. 5 violated clearly established substantive constitutional and statutory rights of Plaintiff, which rights a reasonable person would have known.

48. The actions of Defendant John Doe No. 5 as described above were a moving force behind the violations of Plaintiff's constitutional rights as described above.

49. By reason of the conduct of Defendant John Doe No. 5, Plaintiff is entitled to damages for the violation of her Constitutional rights and for the injuries and damages more particularly described in the First Count of this Complaint.

50. All of the above actions by Defendant John Doe No. 5 were purposeful, malicious, arbitrary, capricious, irrational, reckless, wanton, without justification and outrageous, and they

reflected a conscious and deliberate indifference to the needs and safety of Plaintiff. Said actions shock the conscience.

WHEREFORE, by reason of Defendant John Doe No. 5's unconstitutional acts, Plaintiff requests judgment against Defendant John Doe No. 5 for compensatory and punitive damages, together with the costs and disbursements of this action, as well as her attorneys fees, and such other relief as appears reasonable and just, and demands a trial by jury.

### THIRD COUNT

### KAREN L. PIPER, PLAINTIFF
### VS.
### CITY OF PITTSBURGH, DEFENDANT

### §1983 Constitutional Claims

51. Plaintiff incorporates by reference and makes a part of this Count Paragraphs 1 through 50 of this Complaint.

52. Defendant City of Pittsburgh by and through its agents, servants and/or employees deprived Plaintiff of the rights, privileges and immunities secured to her by 42 U.S.C. §1983 and by the First, Fourth and Fourteenth Amendments to the United States Constitution, as well as the rights, privileges and immunities secured by the Pennsylvania Constitution. Said rights, privileges and immunities include:

(a) The right to peaceably assemble on the streets and sidewalks of the City of Pittsburgh;

(b) The right to be free from retaliation for exercising the right to be on the streets and sidewalks, a traditional public forum, of the City of Pittsburgh for the purpose of observing protestors;

(c) The right to freedom of movement on the streets and sidewalks of the City of Pittsburgh;

(d) The right to be free from a conspiracy to violate civil rights;

(e) The right to be free from unreasonable seizures; and

(f) The right to substantive due process of law.

53. Upon information and belief, in spite of its knowledge that the LRAD was capable of causing permanent hearing damage and other injury to citizens, Defendant City of Pittsburgh failed to properly and adequately train and supervise its personnel in the use of the LRAD.

54. Upon information and belief, in spite of its knowledge that the LRAD was capable of causing permanent hearing damage and other injury to citizens, Defendant City of Pittsburgh failed to develop and/or publish policies and procedures with regard to the use of the LRAD.

55. Upon information and belief, in spite of its knowledge that the LRAD was capable of causing permanent hearing damage and other injury to citizens, Defendant City of Pittsburgh failed to consult with the LRAD manufacturer or other experts with regard to utilizing and/or activating the LRAD.

56. The actions of Defendants John Does No. 1, No. 2, No. 3, No. 4 and No. 5 resulted from and were taken pursuant to a policy, practice and/or custom of Defendant City of Pittsburgh, which policy, practice and/or custom is implemented by the aforesaid named Defendants to deliberately disregard and/or remain indifferent to the rights of Plaintiff and others to peaceably assemble on the streets and sidewalks, as well as to deliberately remain indifferent to or disregard the foreseeable risk of serious harm caused by the LRAD to Plaintiff and others properly and lawfully on the streets and sidewalks.

57. Further, the actions of Defendants John Does No. 1, No. 2, No. 3, No. 4 and No. 5 resulted from and were taken pursuant to a policy, practice and/or custom of Defendant City of Pittsburgh to inadequately and/or improperly train, supervise or discipline its/his or her employees to such an extent that the aforesaid conduct is inevitable and approved.

58. The existence of the policy, practices and/or customs described above in Paragraphs 53, 54, 55, 56 and 57 has been known to supervisors and/or policy-making officers and officials of Defendant City of Pittsburgh for a substantial period of time.

59. In spite of their knowledge of the policy and practice described above in Paragraphs 53, 54, 55, 56 and 57, the supervisory and/or policymaking officials of Defendant City of Pittsburgh have created within the Pittsburgh Bureau of Police an atmosphere in which officers' indifference to serious and substantial threat of serious harm during the G-20 Summit meeting in Pittsburgh would be condoned and justified by superiors, and therefore Defendant City of Pittsburgh was or should have been aware of the likelihood that they would occur prior to the time that Plaintiff suffered injury.

60. The failure of Defendant City of Pittsburgh to properly and adequately train and supervise its employees in the use of the LRAD amounts to gross negligence and deliberate and conscious indifference to the rights, safety and physical well-being of Plaintiff as well as to the rights, safety and physical well-being of others.

61. The policies and practices described above, including the failure to train and supervise as described above in Paragraphs 57 and 60, was the moving force behind the violations of Plaintiff's Constitutional rights as described aforesaid.

62. By reason of the conduct of Defendant, Defendant City of Pittsburgh is liable in damages for the above violation of Plaintiff's Constitutional rights, and for the injuries and damages more particularly described in the First Count of this Complaint.

WHEREFORE, by reason of Defendant City of Pittsburgh's unconstitutional acts, Plaintiff requests judgment against Defendant City of Pittsburgh for compensatory damages, together with the costs and disbursements of this action, as well as her attorneys' fees, and such other relief as appears reasonable and just, and demands a trial by jury.

## FOURTH COUNT

## KAREN L. PIPER, PLAINTIFF
## VS.
## CITY OF PITTSBURGH, DEFENDANT

### Negligence Claim

63. Plaintiff incorporates by reference and makes a part of this Count Paragraphs 1 through 62 of this Complaint.

64. At all times relevant to the matters set forth in this Complaint, Defendant City of Pittsburgh was acting by and through its agents, servants and/or employees.

65. At all times relevant to the matters set forth in this Complaint, the LRAD described above was being used as a traffic control device owned, possessed, operated and/or controlled by Defendant City of Pittsburgh.

66. Prior to deploying and activating the LRAD as a traffic control device, Defendant City of Pittsburgh was aware that said traffic control device could cause serious, permanent injury to innocent bystanders.

67. At all times relevant to the matters set forth in this Complaint, the LRAD described above was an attachment to and an integral part of a motor vehicle traveling on the roadway, said motor vehicle being owned, possessed, operated and/or controlled by Defendant City of Pittsburgh.

68. The sole and proximate cause of the aforesaid incident and the injuries and damages resulting therefrom was the negligence, recklessness and carelessness of Defendant City of Pittsburgh.

69. Defendant City of Pittsburgh was negligent, reckless and careless in some or all of the following particulars:

(a) In operating a traffic control device so as to create a dangerous condition;

(b) In operating a traffic control device so as to emit a sound likely to cause hearing loss and other injury to Plaintiff;

(c) In causing a traffic control device to emit a piercing, continuous high-pitched sound likely to cause injury to Plaintiff and others properly in and about the streets and sidewalks;

(d) In failing to operate a traffic control device so that it would emit short, intermittent blasts for a few seconds at a time;

(e) In failing to operate a traffic control device so that it would initially emit a low sound level;

(f) In failing to warn Plaintiff that it was creating a danger to Plaintiff's hearing;

(g) In failing to warn Plaintiff that the traffic control device would emit a piercing, continuous high-pitched sound;

(h) In failing to warn Plaintiff of the approach of a traffic control device;

(i) In failing to have a traffic control device under proper control;

(j) In operating on the roadway a motor vehicle and its attachment so as to emit a sound likely to cause hearing loss and other injury to Plaintiff;

(k) In causing a motor vehicle and its attachment to emit a piercing, continuous high-pitched sound likely to cause injury to Plaintiff and others properly in and about the streets and sidewalks;

(l) In failing to operate a motor vehicle and its attachment so that it would emit short, intermittent blasts for a few seconds at a time;

(m) In failing to operate a motor vehicle and its attachment so that it would initially emit a low sound level;

(n) In failing to warn Plaintiff that the automobile and its attachment would emit a piercing, continuous high-pitched sound;

(o) In failing to warn Plaintiff of the approach of the motor vehicle and attachment;

(p) In failing to have a motor vehicle and its attachment under proper control;

(q) In failing to look out for the safety of Plaintiff and others properly in and about the streets and sidewalks;

(r) In violating the statutes of the Commonwealth of Pennsylvania and the ordinances of the City of Pittsburgh governing the operation of motor vehicles and/or traffic control devices in and about the streets and highways; and

(s) In otherwise being negligent, reckless and careless in the manner which shall appear from facts obtained from the testimony of Defendant by and through its agents, servants and/or employees, and/or from records or documents in the possession of Defendant by and through its agents, servants and/or employees, said facts presently being in the sole possession of Defendant.

70. As a result of the negligence, recklessness and carelessness of Defendant City of Pittsburgh, Plaintiff suffered the injuries and damages described in the First Count of this Complaint.

71. As a further result of the conduct of Defendant City of Pittsburgh, Plaintiff was forced to endure great pain, suffering and inconvenience and may suffer same in the future. She was forced to submit to medical, medicinal and therapeutic treatments and may be forced to submit to the same in the future. She suffered permanent nerve hearing damage.

72. As a further result of the conduct of Defendant City of Pittsburgh, Plaintiff has been or will be obliged to receive and undergo medical attention and care and to expend various sums of money and/or incur various expenses for the injuries which she has suffered, and she may be forced to continue to expend such sums or incur such expenditures in the future.

73. As a further result of the conduct of Defendant City of Pittsburgh, Plaintiff may suffer a severe loss of her earnings and impairment of her earning capacity and power.

74. Plaintiff is eligible to seek compensation for non-economic losses as described in 75 Pa. C.S.A. §1705.

75. Defendant City of Pittsburgh is subject to liability in this case pursuant to the exceptions contained in 42 Pa. C.S.A.§8542.

76. Plaintiff has suffered the permanent loss of a bodily function and her medical expenses are in excess of $1,500.00.

WHEREFORE, Plaintiff claims compensatory damages from Defendant City of Pittsburgh, such other relief as the Court deems reasonable and just, and demands a trial by jury.

Respectfully submitted,

/s/ *Witold J. Walczak*
Witold J. Walczak, Esquire
Pa. I.D. #62976

/s/ *Sara J. Rose*
Sara J. Rose, Esquire
Pa. I.D. #204936
American Civil Liberties Union of Pennsylvania
313 Atwood Street
Pittsburgh, PA  15213
(412) 681-7864

ROSEN LOUIK & PERRY, P.C.

By /s/ *Michael Louik*
   Michael Louik, Esquire
   Pa. I.D. #00788
   Suite 200, The Frick Building
   437 Grant Street
   Pittsburgh, PA  15219
   (412) 281-4200

/s/ *Thomas Hollander*
Thomas Hollander, Esquire
Pa. I.D. #00255
1174 Harvard Road
Pittsburgh, PA  15205

Attorneys for Plaintiff