# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN PIPER, | ) CIVIL DIVISION |
| Plaintiff, | ) No: 11-1215 |
| v. | ) |
| CITY OF PITTSBURGH; JOHN DOE NO. 1 of the PITTSBURGH BUREAU of POLICE; JOHN DOE NO. 2 of the PITTSBURGH BUREAU of POLICE; JOHN DOE NO. 3 of the PITTSBURGH BUREAU of POLICE; JOHN DOE NO. 4 of the PITTSBURGH BUREAU of POLICE; and JOHN DOE NO. 5 of the PITTSBURGH BUREAU of POLICE, | ) U.S. Magistrate Judge Maureen P. Kelly <br><br> ) *ELECTRONICALLY FILED* <br><br> ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

AND NOW, comes Defendant, City of Pittsburgh, **only**, by and through its counsel, Marshall, Dennehey, Warner, Coleman & Goggin, and City of Pittsburgh Law Department, and in response to Plaintiff's Complaint, files the within Answer and Affirmative Defenses, as follows:

### PRELIMINARY STATEMENT

1. The averments of paragraph 1 are outside the notice pleading standards required under the Federal Rules of Civil Procedure. To the extent that the answering Defendant is able to respond to the multitude of averments in paragraph 1, after reasonable investigation, the Defendant is unable to form a belief as to the truth or falsity of the averments. The same are therefore all denied with strict proof demanded at trial for each and every averment.

## PARTIES

2. After reasonable investigation, answering Defendant is without information sufficient to form a belief as to the truth or falsity of the averment of paragraph 2. The same are therefore denied with strict proof demanded at trial.

3. The averments of paragraph 3 are admitted.

4. The averments of paragraph 4 are directed to a Defendant other than the answering Defendant, therefore no response is required.

5. The averments of paragraph 5 are directed to a Defendant other than the answering Defendant, therefore no response is required.

6. The averments of paragraph 6 are directed to a Defendant other than the answering Defendant, therefore no response is required.

7. The averments of paragraph 7 are directed to a Defendant other than the answering Defendant, therefore no response is required.

8. The averments of paragraph 8 are directed to a Defendant other than the answering Defendant, therefore no response is required.

## JURISDICTION

9. The averments of paragraph 9 constitute conclusions of law to which no response is required.

10. The averments of paragraph 10 constitute conclusions of law to which no response is required.

**FACTS**

11. To the extent the averments of paragraph 11 are applicable to the City, the same are admitted. The remaining averments are directed to Defendants other than answering Defendant, therefore no response is required.

12. The averments of paragraph 12, to the extent that they are directed to the answering Defendant are denied with strict proof demanded at trial. To the extent that the averments of paragraph 12 are directed to Defendants other than the answering Defendant, no response is required.

13. The averments of paragraph 13 are directed to Defendants other than the answering Defendant, therefore no response is required.

14. The averments of paragraph 14 are directed to Defendants other than the answering Defendant, therefore no response is required.

15. After reasonable investigation, answering Defendant is without information sufficient to form a belief as to the truth or falsity of the averments of paragraph 15. The same are therefore denied with strict proof demanded at trial.

16. The averments of paragraph 16 are admitted in part and denied in part. It is admitted that on September 24, 2009, the G20 Summit was being held in Pittsburgh, Pennsylvania. After reasonable investigation, answering Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 16.

17. After reasonable investigation, answering Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 17. The same are therefore denied with strict proof demanded at trial.

18. After reasonable investigation, answering Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 18. The same are therefore denied with strict proof demanded at trial.

19. After reasonable investigation, answering Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 19. The same are therefore denied with strict proof demanded at trial.

20. After reasonable investigation, answering Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 20. The same are therefore denied with strict proof demanded at trial.

21. After reasonable investigation, answering Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 21. The same are therefore denied with strict proof demanded at trial.

22. The averments of paragraph 22 are directed to Defendants other than the answering Defendant, therefore no response is required.

23. After reasonable investigation, answering Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained within paragraph 23. The same are therefore denied with strict proof demanded at trial.

24. After reasonable investigation, answering Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained within paragraph 24. The same are therefore denied with strict proof demanded at trial.

25. The averments of paragraph 25 constitute conclusions of law to which no response is required.

26. The averments of paragraph 26 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, the averments contained at paragraph 26 are denied.

27. The averments of paragraph 27 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, the averments contained at paragraph 27 are denied.

28. The averments contained at paragraph 28 are denied.

29. The averments contained at paragraph 29 are denied.

30. The averments contained at paragraph 30 are denied.

31. The averments contained at paragraph 31 are denied.

32. After reasonable investigation, answering Defendant is without information sufficient to form a belief as to the truth or falsity of the averment contained at paragraph 32 specifically related to the answering Defendant being the owner of the subject motor vehicle and the attached LRAD. The remaining averments contained within paragraph 32 are directed to Defendants other than answering Defendant, therefore no response is required.

### FIRST COUNT
### KAREN L. PIPER, PLAINTIFF
### VS.
### JOHN DOE NO. 1, JOHN DOE NO. 2, JOHN DOE NO. 3, AND JOHN DOE NO. 4, DEFENDANTS

#### Section 1983 Constitutional Claims

33. It is admitted that Plaintiff has incorporated paragraphs 1 – 32 of her Complaint. Answering Defendant incorporates by reference its answers to the averments of paragraphs 1 – 32 of the Plaintiff's Complaint as if set forth herein at length.

34. The averments of paragraph 34 are directed to Defendants other than the answering Defendant, therefore no response is required.

35. The averments of paragraph 35 are directed to Defendants other than the answering Defendant, therefore no response is required.

36. The averments of paragraph 36 are directed to Defendants other than the answering Defendant, therefore no response is required.

37. The averments of paragraph 37 are directed to Defendants other than the answering Defendant, therefore no response is required.

38. The averments of paragraph 38, subparagraphs (a) – (f), are directed to Defendants other than the answering Defendant, therefore no response is required.

39. The averments of paragraph 39 are directed to Defendants other than the answering Defendant, therefore no response is required.

40. The averments of paragraph 40 are directed to Defendants other than the answering Defendant, therefore no response is required.

41. The averments of paragraph 41 are directed to Defendants other than the answering Defendant, therefore no response is required.

42. The averments of paragraph 42 are directed to Defendants other than the answering Defendant, therefore no response is required.

WHEREFORE, Defendant, City of Pittsburgh, demands that judgment be entered in its favor and against the Plaintiff, together with all costs incurred in defending this lawsuit as well as any other relief deemed appropriate by this Court.

**SECOND COUNT**
**KAREN L. PIPER, PLAINTIFF**
**VS.**
**JOHN DOE NO. 5, DEFENDANT**

**Section 1983 Constitutional Claims**

43. It is admitted that Plaintiff has incorporated paragraphs 1 – 42 of her Complaint. Answering Defendant incorporates by reference its answers to the averments of paragraphs 1 – 42 of the Plaintiff's Complaint as if fully set forth herein at length.

44. The averments contained at paragraph 44 are directed to a party other than answering Defendant, therefore no response is required.

45. The averments contained at paragraph 45 are directed to a party other than answering Defendant, therefore no response is required.

46. The averments contained at paragraph 46, subparagraphs (a) – (f) are directed to a party other than answering Defendant, therefore no response is required.

47. The averments contained at paragraph 47 are directed to a party other than answering Defendant, therefore no response is required.

48. The averments contained at paragraph 48 are directed to a party other than answering Defendant, therefore no response is required.

49. The averments contained at paragraph 49 are directed to a party other than answering Defendant, therefore no response is required.

50. The averments contained at paragraph 50 are directed to a party other than answering Defendant, therefore no response is required.

WHEREFORE, Defendant, City of Pittsburgh, demands that a judgment be entered in its favor and against Plaintiff, together with all costs incurred in defending this lawsuit as well as any other relief deemed appropriate by this Court.

**THIRD COUNT**
**KAREN L. PIPER, PLAINTIFF**
**VS.**
**CITY OF PITTSBURGH, DEFENDANT**

**Section 1983 Constitutional Claims**

51. It is admitted that Plaintiff has incorporated paragraphs 1 – 50 of her Complaint. Answering Defendant incorporates by reference its answers to the averments of paragraphs 1 – 50 of the Plaintiff's Complaint as if set forth fully herein at length.

52. The averments contained at paragraph 52, subparagraphs (a) – (f) constitute conclusions of law to which no response is required.

53. The averments contained at paragraph 53 are denied.

54. The averments contained at paragraph 54 are denied.

55. The averments contained at paragraph 55 are denied.

56. The averments contained at paragraph 56 are denied.

57. The averments contained at paragraph 57 are denied.

58. The averments contained at paragraph 58 are denied.

59. The averments contained at paragraph 59 are denied.

60. The averments of paragraph 60 constitute conclusions of law to which no response is required.

61. The averments contained at paragraph 61 constitute conclusions of law to which no response is required.

62. The averments contained at paragraph 62 constitute conclusions of law to which no response is required.

WHEREFORE, Defendant, City of Pittsburgh, demands that a judgment be entered in its favor against Plaintiff, together with all costs incurred in defending this lawsuit as well as any other relief deemed appropriate by this Court.

**FOURTH COUNT**
**KAREN L. PIPER, PLAINTIFF**
**VS.**
**CITY OF PITTSBURGH, DEFENDANT**
**NEGLIGENCE CLAIM**

63. It is admitted that Plaintiff has incorporated paragraphs 1 – 62 of her Complaint. Answering Defendant incorporates by reference its answers to the averments of paragraphs 1 – 62 of the Plaintiff's Complaint as if set forth fully herein at length.

64. The averments contained at paragraph 64 are denied with strict proof demanded at trial.

65. The averments contained at paragraph 65 are denied.

66. The averments contained at paragraph 66 are denied.

67. The averments contained at paragraph 67 are denied.

68. The averments contained at paragraph 68 constitute conclusions of law to which no response is required.

69. The averments contained at paragraph 69, subparagraphs (a) – (s) constitute conclusions of law to which no response is required.

70. The averments contained at paragraph 70 constitute conclusions of law to which no response is required.

71. After reasonable investigation, answering Defendant is without information sufficient as to form a belief as to the truth or falsity of the averments contained at paragraph 71. The same are therefore denied with strict proof demanded at trial.

72. After reasonable investigation, answering Defendant is without information sufficient as to form a belief as to the truth or falsity of the averments contained at paragraph 72. The same are therefore denied with strict proof demanded at trial.

73. After reasonable investigation, answering Defendant is without information sufficient as to form a belief as to the truth or falsity of the averments contained at paragraph 73. The same are therefore denied with strict proof demanded at trial.

74. The averments contained at paragraph 74 constitute conclusions of law to which no response is required.

75. The averments contained at paragraph 75 constitute conclusions of law to which no response is required.

76. After reasonable investigation, answering Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained at paragraph 76. The same are therefore denied with strict proof demanded at trial.

WHEREFORE, Defendant, City of Pittsburgh, demands that a judgment be entered in its favor and against Plaintiff, together with all costs incurred in defending this lawsuit as well as any other relief deemed appropriate by this Court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Defendant, City of Pittsburgh, purchased a Long-Range Acoustical Device.

2. Representatives of the City communicated with representatives of LRAD and were provided with instructions on the proper use and safety aspects of the LRAD equipment.

3. Based upon information provided by LRAD, representatives of the City developed training and protocols for the appropriate use of the LRAD.

4. During all times relevant to Plaintiff's Complaint, the use of the LRAD was closely supervised by representatives of the City and used in a manner consistent with the individuals' training and the protocols and in accordance with the information provided by the manufacturer.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, sufferings, and/or damages, if any, were caused by her own willful, malicious, and criminal misconduct and/or her own negligence, carelessness and recklessness disregard for the rights of others, and not by any civil rights violation.

## THIRD AFFIRMATIVE DEFENSE

Defendant asserts that the Political Subdivision Tort Claims Act serves as a bar to Plaintiff's state law claims and asserts all defenses, immunities and limitations of damages available to it under the Political Subdivision Tort Claims Act. *See 42 Pa. C.S.A. § 8541*.

## FOURTH AFFIRMATIVE DEFENSE

Defendant asserts herein all defenses available to it under the Civil Rights Act of 1871.

WHEREFORE, Defendant, City of Pittsburgh, demands that a judgment be entered in its favor and against Plaintiff, together with all costs, including attorneys fees incurred in defending this lawsuit, as well as any other relief deemed appropriate by this Court.

Respectfully submitted,

BY:   */s/ Paul D. Krepps*
PAUL D. KREPPS, ESQUIRE
PA ID #73038
pdkrepps@mdwcg.com
TERESA O. SIRIANNI, ESQUIRE
PA ID #90472
tosirainni@mdwcg.com
MICHAELENE E. WEIMER, ESQUIRE
PA ID #308869
mewiemer@mdwcg.com
**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
US Steel Tower, Suite 2900
600 Grant Street
Pittsburgh, PA  15219
(412) 803-1140
(412) 803-1188/fax
**Attorneys for Defendant, City of Pittsburgh, only**

BY:   */s/ John F. Doherty*

JOHN F. DOHERTY, ESQUIRE
PA ID #56418
john.doherty@city.pittsburgh.pa.us
DANIEL D. REGAN, ESQUIRE
PA ID #89141
Daniel.regan@city.pittsburgh.pa.us
**Attorneys for Defendant, City of Pittsburgh, only**
City of Pittsburgh Department of Law
313 City-County Building
414 Grant Street
Pittsburgh, PA  15219
(412) 255-2016
(412) 255-2285/fax

12/1421942.v1